PERKINS *v.* BOODY.

An action for the double value of a fence and the fence-viewers' fees cannot be maintained, unless the decision of the fence-viewers requiring the defendant to build and repair the fence within a given time is sworn to before a copy of the decision is given to the defendant.

Nor can a recovery of such double value and fees be had when the land, against which the fence is adjudged to be built, has been by the defendant laid in common.

ASSUMPSIT, for the double value of a fence and the fence-viewers' fees. On application of the plaintiff, the fence-viewers, after a view of the division fence between the parties, and a hearing at which the defendant did not appear, required the defendant to build a certain portion of the fence within six days, and gave him notice in writing of their decision. The decision was not sworn to, as required by statute, until nine days after the time within which they required the fence to be built. The plaintiff built and repaired the fence. The defendant's land, against which the fence-viewers required him to build and repair the fence, had been by him laid in common before any complaint was made by the plaintiff.

*W. W. Stickney*, for the plaintiff.

*Marston & Eastman*, for the defendant.

ALLEN, J. The decision of the fence-viewers upon any application, whether it be to divide a partition fence, pronounce it insufficient and order the delinquent party to rebuild or repair it in a given time, or to appraise the cost of rebuilding and repairing the fence, to be conclusive upon the parties must be sworn to. G. L., c. 142, s. 17. The fence-viewers did not in this case make the required oath, that, in deciding the defendant's part of the fence insufficient, and that he should cause it to be put in good repair in six days, " they had acted impartially, uprightly, and to the best of their judgment," until several days after the time within which the fence was to be repaired. The decision, of which the defendant had notice, not being sworn to, was not at the time he received it, nor at any time within which he was required to act upon it, binding upon him. *Fairbanks* v. *Child*, 44 N. H. 458. If it came to be binding upon anybody for any purpose, by the fence-viewers' subsequently making oath to it, it had no force against the defendant, who had been required by it to build the fence within a time long passed. The defendant, not being made delinquent for neglecting to comply with the order within the six days, could not afterwards be made delinquent by reason of the fence-viewers' *ex post facto* swearing. The want of the proper oath to the proceedings of the fence-viewers might have been met by the defendant's waiver of the objection. *Hartshorn* v. *Schoff*, 51 N. H. 316, 319. But there is nothing in the case to show any intention to waive the objection, or that the defendant did not take advantage of the defect at the earliest opportunity. Not being cured by any waiver, the objection is fatal to the action.

Another objection to the plaintiff's right to maintain the action is, that the land next the fence which the defendant was required to repair or pay for had been thrown in common by him before the commencement of any proceedings before the fence-viewers. By Gen. Laws, c. 142, s. 12, "when the owner of land ceases to improve the same, or lays it in common, he shall not remove his part of the partition fence, but is not bound to repair it so long as said land remains unimproved or in common." By throwing his land in common, the defendant had no longer any occasion for a fence next the line of his common land. He was bound at his peril to keep his cattle from it and from the plaintiff's land, and he would have no just cause of complaint if the plaintiff's cattle should come upon it. Next to land which he has thrown in common, and in good faith treats as common land, the statute does not require that he should build and maintain a fence. *Jones* v. *Perry*, 50 N. H. 134, 138, 139. The action cannot be maintained.

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.